```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
       JORGE ORELLANA,

                              Plaintiff,
                                                              MEMORANDUM & ORDER
              -against-
                                                              14-CV-1913 (NGG) (LB)
       REISS WHOLESALE HARDWARE CO., INC,
       JEFF MATTHEWS, ARIEL RODRIGUEZ,
       CARLETON YOUNGE, PAUL MENDOUZA, and
       QUECI HENRY,

                              Defendants.
-----------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

On March 24, 2014, pro se Plaintiff Jorge Orellana initiated this action against Defendants Reiss Wholesale Hardware Co., Inc. ("Reiss Hardware"), Jeff Matthews, Ariel Rodriguez, Carleton Younge, Paul Mendouza, and Queci Henry (the "Individual Defendants") alleging violations of Title VII of the Civil Rights Act of 1964. (Compl. (Dkt. 1).) Plaintiff also filed a motion for leave to proceed in forma paperis in conjunction with the Complaint. (Dkt. 2) For the reasons set forth below, (1) Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is GRANTED, and (2) Plaintiff's claims against the Individual Defendants are DISMISSED with prejudice.

I.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141

1

F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

## II. DISCUSSION

Plaintiff alleges that he was discriminated against on the basis of his race and/or national origin on or about August 26, 2010, when he was terminated by Reiss Hardware after he complained to his supervisors, Defendants Jeff Matthews and Ariel Rodriguez, that he had been threatened and called "a stupid idiot immigrant" by Defendants Carleton Younge, Paul Mendoza, and Quesi Henry, his coworkers. (Compl. at 4, ¶ 8.) Plaintiff asserts Title VII claims against his former employer, Reiss Hardware, as well as the Individual Defendants. However, the Second Circuit has clearly held that "individuals are not subject to liability under Title VII." Sassaman v. Gamache, 566 F.3d 307, 314-16 (2d Cir. 2009); see also Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012); Pietri v. N.Y.S. Office of Court Admin., 936 F. Supp. 2d 120, 132-33 (E.D.N.Y. 2013). As such, Plaintiff's Title VII claims against the Individual Defendants are "indisputably meritless" and must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Jeff Matthews, Ariel Rodriguez, Carleton Younge, Paul Medouza, and Queci Henry are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 10, 2014

NICHOLAS G. GARAUFIS
United States District Judge