UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE ORELLANA,

                              Plaintiff,

-against-

REISS WHOLESALE HARDWARE CO., INC.,

                              Defendant.
------------------------------------------------------------------X

**ORDER**

**14-CV-1913 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On March 24, 2014, pro se Plaintiff Jorge Orellana initiated the instant discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, against former employer Reiss Wholesale Hardware Co., Inc. relating to his termination. (Compl. (Dkt. 1).)[1] Defendant answered the Complaint on October 10, 2014 (Answer (Dkt. 14)), and it moved for summary judgment on July 20, 2015 (Mot. for Summ. J. (Dkt. 31)). Plaintiff opposed the Motion on August 31, 2015. (Pl.'s Aff. in Opp'n to Mot. for Summ. J. (Dkt. 37).) On October 20, 2015, Defendant filed a reply in further support of its Motion. (Def.'s Reply in Supp. of Mot. for Summ. J. (Dkt. 38).) By Order dated April 5, 2016, the court referred the Motion for Summary Judgment to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 5, 2016, Order (Dkt. 41).)

On June 8, 2016, Judge Bloom issued an R&R recommending that the court grant Defendant's Motion for Summary Judgment and dismiss the Complaint. (R. & R. (Dkt. 43).) Judge Bloom found that Plaintiff failed to carry his burden to establish a prima facie case for

---

[1] Plaintiff also named as Defendants Jeff Matthews, Ariel Rodriguez, Carleton Younge, Paul Medouza, and Queci Henry. (Compl.) The court sua sponte dismissed these Defendants on April 14, 2014, because individuals are not subject to liability under Title VII. (Apr. 14, 2014, Order (Dkt. 5).)

1

national origin discrimination because his "termination did not take place under circumstances that gave rise to an inference of discrimination." (Id. at 8.) Even if the circumstances gave rise to an inference of discrimination, Plaintiff's "disruptive behavior and inability to get along with his coworkers in the warehouse constitute legitimate, nondiscriminatory reasons for his termination." (Id. at 15-16.) Judge Bloom similarly found that Plaintiff failed to establish a prima facie retaliation claim. (See id. at 21.) While Plaintiff's alleged complaint to his supervisor that a coworker commented on his national origin could constitute a protected activity, Plaintiff was unable to make the required showing that it was the "but-for" cause for his firing. (See id. at 19-21.) Judge Bloom determined that, based on the timeline of events, no reasonable juror could find that Plaintiff was fired in retaliation for his complaint. (Id. at 21.) Notably, the termination came "[o]nly after . . . Plaintiff challenge[d] his coworkers to a fight in the workplace." (Id.)

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion. U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).

2

Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour Corp., 2012 WL 728227, at *2. Furthermore, failure to timely object to a magistrate judge's report waives even a <u>pro se</u> plaintiff's right to review where "the magistrate's report explicitly states that failure to object to the report . . . will preclude appellate review." Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Judge Bloom explicitly warned the parties that they had fourteen days from the service of the June 8, 2016, R&R to object in writing. (R. & R. at 22.) Adding three days to the deadline for service by mail pursuant to Federal Rule of Civil Procedure 6(d), objections to Judge Bloom's R&R were due June 27, 2016. No request for an extension of time was made or granted. The court received Plaintiff's objections on July 11, 2016—fourteen days after the June 27, 2016, deadline. (Pl.'s Obj. (Dkt. 46).) Plaintiff's objections are thus untimely and need not be considered. See Sik Gaek, Inc. v. Yogi's II, Inc., No. 10-CV-4077 (ARR) (VVP), 2011 WL 1457229, at *1 (E.D.N.Y. Apr. 13, 2011); see also Fed. R. Civ. P. 72(b)(3) (Courts review "de novo any part of the magistrate judge's disposition that has been <u>properly objected to</u>." (emphasis added)). Even if the court were to consider Plaintiff's objections, they are insufficient to trigger <u>de novo</u> review. Plaintiff states only that he disagrees with "the allegations that are being made about [him]." (Pl.'s Obj.) He neither identifies any specific portion of the R&R to which he objects nor provides a basis for any objection. See U.S. Flour Corp., 2012 WL 728227, at *2. The court thus reviews the entirety of the R&R for clear error, and finds none.

Accordingly, the court ADOPTS IN FULL the R&R, GRANTS Defendant's Motion for Summary Judgment, and DISMISSES the Complaint WITH PREJUDICE.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 23, 2016

NICHOLAS G. GARAUFIS
United States District Judge